# IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| STATE OF OKLAHOMA, ex rel., Mike Hunter, Attorney General of Oklahoma,<br><br>    Plaintiff,<br><br>v.<br><br>McKESSON CORPORATION,<br><br>    Defendant. | Case No. CIV-20-172-RAW |

## ORDER[*]

Before the court is the State's motion to remand [Docket No. 6].  The State filed this action against the McKesson Corporation (hereinafter "McKesson") in the District Court of Bryan County Oklahoma, alleging state law claims of negligence, public nuisance pursuant to 50 OKLA. STAT. § 2, and unjust enrichment, all related to McKesson's distribution of opioids in Oklahoma.  In its Petition, the State explicitly disavowed any and all federal claims related to McKesson's opioid distributions, including distributions made "to federal customers under the authority or direction of a federal officer, federal agency, or pursuant to a federal contract including but not limited to any Pharmaceutical Prime Vendor Contract."  *Docket No. 2-3,* at 37.

Nevertheless, McKesson filed a notice of removal pursuant to the federal officer removal statute, 28 U.S.C. § 1442, arguing this case is removable because the State's allegations relate to and necessarily implicate McKesson's distribution of opioids "to federal facilities throughout Oklahoma under the requirements of a federal contract and under the direction of a federal

---

[*] For clarity and consistency herein, when the court cites to the record, it uses the pagination assigned by CM/ECF.

officer." *Docket No. 2,* at 1.  McKesson distributes pharmaceuticals to federal customers such as

the Department of Veterans Affairs, Indian Health Services, and the Bureau of Prisons in

Oklahoma under a federal Pharmaceutical Prime Vendor Contract (hereinafter "PPV Contract").

*Id*. at 2-3.  McKesson argues that the State's public nuisance claim based on alleged excessive

opioid distributions cannot be separated by opioids distributed in Oklahoma under the PPV

Contract and other opioids distributed in Oklahoma.  *Id*. at 1, 4, and 13.

      In fact, however, in its response to the motion to remand, McKesson informs the State

and the court that from January 1, 2006 through October 31, 2019, the opioid distributions to

federal PPV Contract facilities in Oklahoma accounted for approximately 17.1 percent of

McKesson's total opioid distributions to Oklahoma.  *Docket No. 17-2*, at 2-3.  In its reply, the

State acknowledges that it has the burden to prove its state law claims and confirms that it

intends to prove its state law claims based solely on the remaining 82.9 percent of distributions

in Oklahoma.

      The federal officer removal statute authorizes removal here if McKesson shows that: "(1)

that it acted under the direction of a federal officer; (2) that there is a causal nexus between the

[State's] claims and the acts [McKesson] performed under the federal officer's direction; and (3)

that there is a colorable federal defense to the [State's] claims."  *Greene v. Citigroup, Inc*. 215

F.3d 1336, 2000 WL 647190, at *2 (10th Cir. 2000).

      The court agrees with the State that McKesson has failed to demonstrate any of the

elements of federal officer removal.  The State pleaded state law causes of action based on non-

PPV Contract opioid distributions.  As argued by the State, these distributions were not made

under the direction of a federal officer.  There also is no causal nexus between the State's claims

and any acts McKesson performed under a federal officer's direction.  Finally, McKesson does

not have a colorable federal defense to the State's claims.  As the State has disavowed any

federal claims, McKesson's government contractor defense fails.  Further, McKesson is incorrect

in its argument that the State's claims are preempted by the Federal Controlled Substances Act;

thus, its federal preemption defense also fails.  *See In re Nat'l Prescription Opiate Litig*., No.

1:17-MD-2804, 2019 WL 4178591, at \*28-29 (N.D. Ohio Sep. 3, 2019).  The motion to remand

is hereby granted.

## *Attorney Fees*

The State requests attorney fees and costs incurred as a result of McKesson's improper

removal.  The court has discretion to award just costs and actual expenses, including attorney

fees, upon remand.  28 U.S.C. § 1447(c).  An award of costs and fees is proper under § 1447(c)

"only where the removing party lacked an objectively reasonable basis for seeking removal."

*Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005).  While it seems clear removal was

improper, the court does not find that McKesson lacked any objective reasonable basis for

seeking removal.  In its discretion, therefore, the court declines to award fees and costs.

## *Conclusion*

The State's motion to remand [Docket No. 6] is GRANTED.  This action is hereby

remanded to the District Court of Bryan County Oklahoma.  McKesson's requests that the court

stay its order pending appeal is DENIED.  The State's request for attorney fees is also DENIED.

**IT IS SO ORDERED** this 14th day of September, 2020.

_____
**THE HONORABLE RONALD A. WHITE**
**UNITED STATES DISTRICT JUDGE**
**EASTERN DISTRICT OF OKLAHOMA**

3